UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:16-CR-00068 JD |
| | ) | |
| ISAIAH DEONTE JOVAN BEAVERS | ) | |

**OPINION AND ORDER**

Pending before the Court is the Defendant Isaiah Deonte Jovan Beavers' Motion for a Bill of Particulars. [DE 31.] The government filed a response on September 26, 2016. [DE 33.] The Defendant filed his reply on October 11, 2016. [DE 34.]

The indictment charges Mr. Beavers in two counts. Pursuant to 18 U.S.C. § 844(e), Count 1 alleges that, on or about July 7, 2016, Mr. Beavers, through the use of an instrument of interstate commerce (the internet), willfully made a threat and maliciously conveyed false information knowing the same to be false, concerning an alleged attempt being made or to be made, to kill, injure and intimidate any individual, and to unlawfully damage and destroy a building, vehicle, and other real or personal property, by means of fire and explosive. Pursuant to 18 U.S.C. § 875(c), Count 2 alleges that, on or about July 9, 2016, Mr. Beavers knowingly transmitted in interstate and foreign commerce, an electronic communication (Facebook posting) to another, which contained a threat to injure the person of another, for the purpose of issuing a threat and with the knowledge that the communication would be viewed as a threat.

On September 12, 2016, the Defendant filed his motion for a bill of particulars, in which he argues that the government has provided through the discovery process no less than five communications that could be interpreted as a threat. Consequently, the Defendant asserts that the indictment does not adequately apprise him of the "specific statement that the Defendant is

alleged to have transmitted" [DE 39 at 1], and absent a bill of particulars, "the Defendant must necessarily guess as to what his is to defend against." [Id.] The Defendant also contends that the lack of specificity in the indictment may lead to jury confusion, and to the possibility of being convicted for an uncharged act. Additionally, due to the multiplicity of statements contained in the discovery material that could qualify as the charged act, the Defendant contends that he could be subjected to double jeopardy because the indictment may charge multiple crimes in the same count and a jury verdict may not specify the basis for a conviction or acquittal.

The motion is now ripe for decision. For the reasons stated below, the Defendant's Motion for a Bill of Particulars is **GRANTED**.

## DISCUSSION

Federal Rule of Criminal Procedure 7(f) states that the "court may direct the government to file a bill of particulars." Under Rule 7(f), "the trial judge has discretion to grant or deny a request for a bill of particulars. *United States v. Andrus*, 775 F.2d 825, 843 (7th Cir. 1985).

In analyzing whether to order the government to file a bill of particulars, "the key question is whether the defendant was sufficiently apprised of the charges against him in order to enable adequate trial preparation." *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008) (citing *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003) ("[A] bill of particulars [is] unnecessary where the indictment sets forth the elements of the charged offenses and provides sufficient notice of the charges to enable the defendant to prepare his defense." (*alterations in original*))). The indictment need not describe the government's evidence, plead evidentiary detail, or identify all of the facts supporting the allegations. *Wong Tai v. United States*, 273 U.S. 77, 82 (1927); *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981). "Information relevant to the preparation of a defense includes the elements of each charged

2

offense, the time and place of the accused's allegedly criminal conduct, and a citation to the statute or statutes violated." *Blanchard*, 542 F.3d at 1140 (citing *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003)).

Absent an abuse of discretion, the trial court's decision will not be disturbed on appeal. *Wong Tai,* 273 U.S. at 82. The trial court abuses its discretion in denying a bill of particulars where "deprivation of the information sought leads to the defendant's inability to adequately prepare his case, to avoid surprise at trial, or avoid the later risk of double jeopardy." *United States v. Roya*, 574 F.2d 386, 389 (7th Cir. 1978) (quoting *United States v. Addonizio*, 451 U.S. 49, 64 (3rd Cir. 1971)).

In this case, the indictment itself is relatively straight forward – the Defendant used the internet to convey threatening and false information concerning an attempt to kill, injure and intimidate by means of fire and explosive and the Defendant knowingly transmitted a message via Facebook which contained a threat. However, other than identifying the date, the indictment does not specify the time, place, manner, or substance of the Defendant's threat or false statement that constitutes a violation of 18 U.S.C. § 844(e) or the Defendant's electronic communication that constitutes a violation of 18 U.S.C. § 875(c).

Normally, even if an indictment is lacking in sufficient detail, a bill of particulars is not necessary "if the information the defendant seeks is readily available through alternate means such as discovery." *United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013) (citing *Blanchard*, 542 F.3d at 1140). Here, the government represents that it provided a "breadth of information" to the Defendant, including the indictment, the complaint, the affidavit in support of the complaint, the cross-examination of the government's case agent at the preliminary hearing, the discovery material, and the explanation contained in the government's response to

the motion for bill of particulars. [DE 33 at 4.] The Defendant acknowledges as much in his Motion and his Reply, but that does not end our inquiry. Rather, the amount of information produced by the government has complicated the Defense's ability to match the conduct charged in the indictment to the information contained in the Government's discovery. As the Defendant notes in its Reply:

> [In its Response,] [t]he government has identified two Facebook statements (one of which is actually a graphic) which the government contends constitute threats. The first statement arguably constitutes a threat to injure person or property by fire (the gravamen of Count 1). The second "statement" arguably constitutes a threat to injure the person of another (the foundation of Count 2)…It would appear from the government's response that these two statements form the basis of the government's theory of the prosecution of this indictment.

[DE 34 at 1.]

If, in fact, those statements are the basis of the government's prosecution in this matter, it should be a simple matter to indicate as much in a bill of particulars. However, as originally plead in the indictment, and based on the wide breadth of discovery, it is impossible for the Defense (and, frankly, the Court) to determine which statement or statements by the Defendant is covered by Count 1 and which statement or statements by the Defendant is covered by Count 2. While each count of the indictment contains "the elements of each charged offense…and a citation to the statute or statutes violated," *Blanchard*, 542 F.3d at 1140, each count does not contain the time, place, and/or substance of the communication.

This degree of uncertainty is unacceptable, and justifies a bill of particulars. Otherwise, Mr. Beavers would be left to guess which of the several statements would serve as a basis for the § 844(e) charge and/or the § 875(c) charge. In addition, without identification of the statement or statements that the government intends to introduce as direct evidence supporting a conviction under § 844(e) and/or the § 875(c), the Court is unable to properly shape evidentiary rulings,

instruct the jury on the application of the law to the specific facts alleged in the indictment, and instruct the jury on the limited use of any Rule 404(b) evidence related to the Defendant's other communications. The ability of the Court to properly instruct the jury is further complicated in this case because the Defendant has alleged the communications that form the basis of the indictment are protected as political speech under the First Amendment of the United States Constitution, and the Court will need to instruct the jury on the proper legal standard to apply in these circumstances. Furthermore, a lack of specificity regarding the offending statement or statements creates a risk of jury confusion, which could lead a jury to convict the Defendant of an uncharged statement or statement. This risk of confusion is exacerbated by the unusual facts of this case. Without specification of the communications that form the basis of this prosecution, the Defendant could also be subjected to a subsequent prosecution on the same facts because it would be impossible to determine which statement or statements were relied upon by the jury in reaching a verdict, thereby potentially subjecting the Defendant to double jeopardy.[1]

In fact, the very purpose behind requiring a bill of particulars is to correct this lack of notice and the subsidiary problems it may cause. *See United States v. Roman*, 728 F.2d 846, 856 (7th Cir. 1984) ("The purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at time of trial and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes.") (*citation omitted*).

Finally, as the government has already telegraphed its theory in its Response, the government would not be truly prejudiced by having to particularize its indictment to indicate the

---

[1] This lack of specificity may also create an impediment for appellate review, if any.

time, place and/or substance of its allegations.  As such, any prejudice to the Government would be *de minimus*.

## CONCLUSION

For the reasons stated above, the Defendant's Motion for a Bill of Particulars is **GRANTED**. [DE 31.]   The Court **ORDERS** the government to file a Bill of Particulars, which will identify the specific statement or statements that it intends to prove as an element of the § 844(e) charge in Count 1 of the Indictment, as well as the specific statement or statements that it intends to prove as an element of the § 875(c) charge in Count 2 of the Indictment, by close of business on **November 23, 2016**.

SO ORDERED.

ENTERED:  November 16, 2016.

 s/  Michael G. Gotsch, Sr.
Magistrate Judge
United States District Court